Argued and submitted June 18, affirmed as modified November 21, 1984

In the Matter of the Marriage of

## BIRD,
*Respondent,*
*and*

## BIRD,
*Appellant.*

(32386; CA A30354)

692 P2d 118

Warren John West, Bend, argued the cause and filed the brief for appellant.

Michael B. McCord, Bend, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Wife appeals from a judgment of dissolution. We modify the judgment and affirm as modified.

Wife, age 37, and husband, age 36, were married for 17 years. Wife assigns as error that the trial court did not equalize the distribution of property.[1] The principal disagreement between the parties concerns the value of the business and their residence. Husband and wife purchased a shoe repair and sales business in 1977 for $22,000. The contract of purchase noted inventory, equipment, supplies, goodwill, a lease and a covenant not to compete, but assigned no separate value to any component. Husband and wife worked together full time in the business until wife had their third child in 1980. Thereafter, she continued only to do the bookkeeeping.

The court did not place a value on the business. Husband testified that its value was $33,000. He assigned no value to goodwill. Husband's appraiser also valued the business at $33,000, on the basis of husband's valuation and the information that he gave the appraiser that his monthly income from it was $735. The appraiser assigned it no goodwill value to it because of its "negligible income." Wife valued the business at $55,000, including $5,000 for goodwill. She testified that it had the reputation of being the best in the area and that the original purchase price of $22,000 included $3,000 for goodwill. Husband testified that in December 1982, he and

---

[1] The judgment provided:

"6. Petitioner shall be awarded No-D-Lay Shoe Service subject to all business indebtedness, and the personal property in his possession except as set forth under Respondent's personal property below, the 1974 Chevrolet van, the 1964 Chevrolet flatbed truck and the trash trailer, presently in the possession of Respondent.

"7. Petitioner shall pay the indebtedness owed St. Charles Medical Center, Bend Memorial Clinic, and attorney Lawrence Erwin.

"8. Respondent shall be awarded the residence of the parties at 60856 Onyx Lane, Bend, Oregon and its contents subject to the outstanding encumbrances, a 1969 Pontiac LeMans, the crystal and her jewelry, the microwave, television set, and respondent's jewelry held by Petitioner.

"9. Respondent shall assume and discharge $1500.00 of the obligation owed Mrs. Bajza.

"10. Respondent shall return all items of merchandise and/or equipment removed from the No-D-Lay Shoe Service business premises."

wife determined that the total inventory and equipment was worth $40,000. Wife testified that she and husband agreed at that time that it was worth at least that sum. Husband testified that wife subsequently took $4,000 of inventory from the store. With the addition of the inventory that the decree requires wife to return to the business, and not finding the evidence persuasive that there is any value for goodwill, we find that the value of the business is $40,000.

Respecting the residence, husband valued it at $65,000. The assessed true cash value was $64,325. Wife valued it at $55,000 but had subtracted estimated closing costs and other sale expenses and had also adjusted the value for two unfinished rooms that the appraiser had not seen. Wife does not intend to sell the house. The mortgage balance is $42,374. We find that it is worth $65,000 and that the equity is $22,626.

Husband received personal property worth $9,003 and a business worth $40,000 and was assigned indebtedness of $6,005. He received net assets, therefore, totaling $42,998. Wife received personal property worth $10,573 and a house with a $22,626 equity and was assigned indebtedness of $1,500. She received net assets, therefore, totaling $31,699.[2] Wife should have judgment against husband for $5,650 to equalize the property distribution.

Wife's second and third assignments of error are that the trial court erred in its awards of child and spousal support.

---

[2] The court did not make findings on the value of the items of personal property. We find that the parties received:

| Item | Wife |
|------|------|
| Household goods | $ 6,950 |
| China and related items | 2,000 |
| Jewelry | 1,423 |
| LeMans | 200 |
| | $10,573 |

| | Husband |
|------|---------|
| Van | $ 2,228 |
| Truck | 875 |
| Boat | 1,125 |
| Tools | 1,000 |
| Trailer | 500 |
| Miscellaneous | 3,275 |
| | $ 9,003 |

Wife has custody of the three children, ages 14, 12 and 3. The judgment required husband to pay $100 per month per child and spousal support of $100 per month for three years. At the *pendente lite* hearing in September 1982, he was ordered to pay $200 per month per child and $150 per month in spousal support. At the dissolution hearing, he requested that he pay no spousal support and that he pay $166.66 per child for 18 months and $117 per month per child thereafter. Wife requested child support of $200 per child per month and spousal support of $150 per month for three years.

Husband estimates his take-home pay from the business at $750 per month. Wife asserts that husband's total net income from the business during the 17 months since their separation until the trial in September 1983, was $1,990 per month. She calculated that husband had reduced the business debt over that period by an average of $600 per month,[3] that under the *pendente lite* order husband had paid child and spousal support averaging $604 per month and that husband took home $786 per month. Wife's figures are correct.

■■    Wife's expenses for the children are presently $938 per month, including $200 per month for babysitting. Her gross income is approximately $700 a month when she works 40 hours a week. She has borrowed more than $700 from her parents to meet expenses. Husband should continue to pay $200 support per child per month, the sum that wife requested. *See Smith and Smith,* 290 Or 675, 626 P2d 342 (1981). Additionally, taking into consideration wife's judgment against husband, the duration of the marriage, the ages of the parties and their health, earning capacities and financial resources, ORS 107.105(1)(c), we believe that spousal support should remain at $100 per month for three years.

■    Wife's final assignment of error is that the court erred in failing to award her reasonable attorney fees. We find no abuse of discretion. *See* ORS 107.105(1)(i); *Haguewood and Haguewood,* 292 Or 197, 212-14, 638 P2d 1135 (1981).

The judgment is modified to provide that wife shall

---

[3] Since the parties separated in March 1982, husband has reduced the business debts from $18,000 to $4,659. During the same period he sold personal property worth $3,140 and put that money into the business. Thus, husband has used $10,200 of business income to reduce the business debt at a rate of $600 per month.

have judgment against husband for $5,650, to be paid in equal annual installments of principal over five years, plus interest at nine percent per annum on the declining balance from November 16, 1982, the date of judgment, and to increase child support to $200 per month per child. Affirmed as modified. Costs to appellant.